**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMILY FARREN, | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 26-01002 JPW |
| | : | |
| CITY OF HARRISBURG and | : | |
| NEIL GROVER, | : | Jury Trial Demanded |
| | : | |
| Defendants. | : | |

**DEFENDANT NEIL GROVER, ESQUIRE'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. NO. 12(b)(6)**

Defendant, Neil Grover, Esquire, by and through his attorneys, Goldberg Segalla, LLP, files this Motion to Partially Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure No. 12(b)(6).

1. Plaintiff, Emily Farren, Esquire, initiated this action on April 20, 2026, by filing a Complaint with this Court (see ECF 1), and Plaintiff subsequently filed an Amended Complaint on June 24, 2026. (See ECF 13).

2. Plaintiff is a former Deputy Solicitor for Defendant, City of Harrisburg. (ECF 13 at ¶ 29).

3. Defendant, Harrisburg City Solicitor Neil Grover, Esquire, was Plaintiff's supervisor. (ECF 13 a ¶ 26).

4. Plaintiff's Amended Complaint asserts the following claims against Solicitor Grover:

a. Count V – aiding and abetting discrimination and retaliation in violation of the Pennsylvania Human Relations Act (PHRA); and

b. Count VI – defamation (libel).

(See ECF 13).

5. Prior to filing her Complaint, on September 9, 2024, Plaintiff filed with the Equal Opportunity Commission (EEOC) a Charge of Discrimination against the City of Harrisburg. (ECF 13 at ¶¶ 13, 14).

6. Plaintiff's EEOC Charge alleged retaliatory termination by the City of Harrisburg, but it did not allege discrimination due to sex or a hostile work environment.

7. A plaintiff may not pursue claims in federal court that were not included in her administrative charge or that are not fairly within the scope of the ensuing administrative investigation. *See Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984); *Antol v. Perry*, 82 F.3d 1291, 1295-96 (3d Cir. 1996).

8. For the reasons set forth herein and for the reasons in the supporting brief to be filed in accordance with Local Rule 7.5, to the extent Plaintiff alleges that Solicitor Grover aided and abetted discrimination in violation of the PHRA by discriminating against Plaintiff based on sex or by creating a hostile work environment, Plaintiff failed to exhaust her administrative remedies because such

claims are not within the scope of the EEOC Charge or the investigation arising therefrom.

9. Additionally, Count V of Plaintiff's Amended Complaint, aiding and abetting discrimination in violation of the Pennsylvania Human Relations Act, violates Pa.R.P.C. 1.6 because it discloses and puts into issue confidential client information and communications.

10. As a result of the disclosure of confidential client information, Solicitor Grover is placed in an impossible position where he is forced to either refrain from disclosing privileged information which would permit an unchallenged narrative by Plaintiff, or he responds fully which requires disclosure of privileged and confidential information that belongs to his client, the City of Harrisburg.

11. For the reasons set forth herein and for the reasons in the supporting brief to be filed in accordance with Local Rule 7.5, Count V must be dismissed because there is no way for Solicitor Grover to defend against Count V without violating the City of Harrisburg's privilege and the aiding and abetting claim is not capable of fair adjudication.

12. Plaintiff's aiding and abetting claim in Count V of the Amended Complaint must also be dismissed against Solicitor Grover to the extent this Court dismisses the claims of sex discrimination, hostile work environment and/or retaliation against Plaintiff's employer, City of Harrisburg. *See Williams v. Aramark Campus LLC*, No. 18-5374, 2020 U.S. Dist. LEXIS 42835, at *32 (E.D. Pa. Mar. 11,

2020) (Where a complaint does not allege a cognizable predicate offense for the creation of a hostile work environment in violation of the PHRA, the corresponding aiding and abetting claims must also be dismissed).

**WHEREFORE**, Defendant Neil Grover, Esquire, respectfully asks this Court to dismiss Count V of the Amended Complaint and grant such additional relief as this Court deems proper under the circumstances.

Respectfully submitted,

**GOLDBERG SEGALLA, LLP**

Date: July 15, 2026

*/s/ Andrew B. Adair*

**ANDREW B. ADAIR**
Attorney I.D. No.: 70756
1700 Market Street, Suite 3232
Philadelphia, PA 19103-3907
Telephone: 267-519-6800
aadair@goldbergsegalla.com
*Attorneys for Defendant,*
*Neil Grover, Esquire*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMILY FARREN, | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 26-01002 JPW |
| | : | |
| CITY OF HARRISBURG and | : | |
| NEIL GROVER, | : | Jury Trial Demanded |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Andrew B. Adair, Esquire, hereby certify that a true and correct copy of the Motion to Dismiss Plaintiff's Amended Complaint was served to all counsel of record on the date below via the District Court's electronic filing system and is available for viewing and downloading.

Sarah C. Yerger
YERGER LAW
PO Box 94
Camp Hill, PA 17001
717.919.5486
sarah@yergerlaw.net

Sheryl Brown, Esquire
Bellwoar Kelly LLP
126 W. Miner St., #1
West Chester, PA 19382
sbrown@bellwoarkelly.com

Date: July 15, 2026

**GOLDBERG SEGALLA, LLP**
*/s/ Andrew B. Adair*
**ANDREW B. ADAIR**
Attorney I.D. No.: 70756
1700 Market Street, Suite 3232
Philadelphia, PA 19103-3907
Telephone: 267-519-6800
aadair@goldbergsegalla.com
*Attorneys for Defendant,*
*Neil Grover, Esquire*