**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMILY FARREN,<br><br>Plaintiff,<br>v.<br><br>CITY OF HARRISBURG and<br>NEIL GROVER,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION – LAW<br><br><br>NO. 26-01002 JPW<br><br><br>Jury Trial Demanded |

**REPLY BRIEF IN SUPPORT OF DEFENDANT, NEIL GROVER, ESQUIRE'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P NO. 12(b)(6)**

Defendant Neil Grover, Esquire ("Solicitor Grover"), by and through his attorneys, Goldberg Segalla, LLP, submits this reply brief in support of his motion to partially dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 16).

**A. Plaintiff Failed to Exhaust Administrative Remedies With Respect to Her Personal Sex Discrimination Claims**

Plaintiff's opposition largely sidesteps the central issue raised by Solicitor Grover's motion to dismiss. Solicitor Grover does not dispute that EEOC charges are construed liberally. Rather, he argues that Plaintiff's administrative Charge asserted facts to support retaliation, while her Amended Complaint expands the case to include new and separate claims based upon her own alleged sex discrimination and hostile work environment. The factual predicates for those theories are absent

from the EEOC Charge and therefore were not administratively exhausted. Accordingly, Count V should be dismissed to the extent it is predicated on those unexhausted theories.

First, Plaintiff contends that that in *Polenik v. Yellen*, Civ. A. No. 3:22-CV-01691, 2024 U.S. Dist. LEXIS 62562, 2024 WL 1466783 (M.D. Pa. Apr. 4, 2024), Judge Mehalchick held "that where a complaint alleges compliance with Title VII's administrative requirements, dismissal is inappropriate because the court may not resolve disputes concerning the scope of sufficiency of the administrative proceedings at the administrative stage." *See* Plaintiff's Response Brief, Docket No. 20 at p. 3. Plaintiff is mistaken, as the holding of *Polenik* is not this broad. *Polenik* turned on Judge Mehalchick's conclusion that "[b]ecause the EEO complaint was not attached to the second amended complaint or to any of the parties' motions, it is impossible to determine whether *Polenik's* constructive discharge claim 'is fairly within the scope of the prior EEOC complaint' or 'reasonably related' to the claims therein." *Id*., 2024 U.S. Dist. LEXIS 62562 at 21 (citations omitted). Consequently, because Judge Mehalchick did not have the EEOC Charge to review, she concluded the plaintiff plausibly pleaded exhaustion. This is not the case here, where Solicitor Grover attached the EEOC Charge to his motion to dismiss. Thus, this Court should reject Plaintiff's attempt to extend *Polenik's dicta* into a rule that a district court must conclude a plaintiff's averment of compliance with administrative

requirements creates a plausible exhaustion of administrative remedies. Such conclusion is not supported by *Polenik* or the Third Circuit.

Second, Plaintiff characterizes Solicitor Grover's position as a "hypertechnical" reading of her EEOC Charge. That misstates Solicitor Grover's argument. Solicitor Grover does not contend that every legal theory must be expressly identified in an EEOC Charge. Rather, the issue is whether the claims pursued in federal court are fairly within the scope of the facts asserted in the administrative charge or the investigation that reasonably could be expected to arise from that charge. Liberal construction expands a charge to claims reasonably expected to arise from the charge's factual allegations. It does not permit a plaintiff to transform a retaliation charge into a personal sex discrimination and hostile-work-environment charge based on facts and theories never presented to the EEOC.

In her response to Solicitor Grover's motion to dismiss, Plaintiff relies on the general language and legal standard from *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960 (3d Cir. 1978); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208 (3d Cir. 1984); *Waiters v. Parsons*, 729 F.2d 233 (3d Cir. 1984); *EEOC v. Kronos Inc.*, 620 F.3d 287 (3d Cir. 2010); *Simko v. U.S. Steel Corp.*, 992 F.3d 198 (3d Cir. 2021); and *Anjelino v. N.Y. Times Co.*, 200 F.3d 73 (3d Cir. 1999). While Plaintiff cites these cases, what Plaintiff does not do is explain why an EEOC investigator reading her Charge would investigate whether she personally suffered sex discrimination rather than opposing discrimination against others. Plaintiff emphasizes that her Charge

references investigations involving allegations of sexual harassment, female employees, and pregnancy-related concerns. However, those allegations concern Plaintiff's role as an attorney investigating alleged misconduct directed toward others. The Charge does not allege Plaintiff was investigating discrimination claims against Solicitor Grover, nor does the Charge allege that Plaintiff herself was subjected to discrimination because of her sex by Solicitor Grover or anyone else.

By contrast, the Amended Complaint alleges, *inter alia*: that Solicitor Grover treated Plaintiff less favorably than similarly situated male attorneys; that Plaintiff was subjected to gender stereotyping; that Plaintiff was required to attend evening meetings because of gender-based assumptions concerning caregiving responsibilities; that Solicitor Grover threatened Plaintiff when she raised childcare concerns; and that Plaintiff suffered disparate treatment because she was a woman and the parent of a minor child. These factual allegations do not appear in Plaintiff's EEOC Charge. More importantly, they are not merely additional details regarding a retaliation claim. They are the factual foundation of Plaintiff's personal sex discrimination claims.

In her brief, Plaintiff asks this Court to distinguish *Barzanty v. Verizon Pa., Inc.*, 361 F. App'x 411 (3d Cir. 2010), *Antol v. Perry*, 82 F.3d 1291 (3d Cir. 1996), and *Robinson v. AMTRAK*, Civ. A. No. 19-1881, 2020 WL 4809640, 2020 U.S. Dist. LEXIS 148625 (E.D. Pa. Aug. 18, 2020). However, these cases are directly on point. They each ask the same question this Court must answer: are the plaintiffs' federal

claims fairly within the scope of the facts asserted in the administrative charges or the investigation that reasonably could be expected to arise from those charges. In *Barzanty*, *Antol* and *Robinson*, the courts looked to the plaintiff's actual factual allegations in their administrative charges and compared them to the allegations in the federal complaints. In each case, the courts concluded the facts asserted in the charges did not support the federal claims.

Plaintiff argues that *Antol* is distinguishable because the plaintiff in *Antol* alleged disability discrimination in his EEOC charge, but later alleged gender discrimination in his federal lawsuit. The Third Circuit found the assertion of one protected-status theory does not automatically exhaust or encompass another. 82 F.3d at 1295-96. Thus, Plaintiff contends that she investigated claims of sex discrimination against others and she now asserts her own sex discrimination claim against Solicitor Grover. Since Plaintiff's Charge and her federal lawsuit both generally involve sex discrimination, Plaintiff believes *Antol* is inapplicable. This argument reads *Antol* too narrowly. *Antol* makes it clear that exhaustion is lacking where the administrative charge fails to provide the agency with facts suggesting that the plaintiff personally suffered discrimination on the protected basis later asserted in federal court. That is precisely the deficiency here. Although Plaintiff's Charge alleged that she investigated claims of sex discrimination brought by others, it did not provide the EEOC with any facts indicating that Plaintiff herself was

subjected to discrimination because of her sex. As a result, the EEOC was never placed on notice of the sex discrimination claim Plaintiff now seeks to pursue.

In summary, Plaintiff's reliance on liberal construction principles cannot eliminate the exhaustion requirement altogether. The question is whether an EEOC investigator reviewing Plaintiff's Charge would reasonably investigate whether Plaintiff herself was subjected to sex discrimination. The Charge provides no basis for such an inquiry. Instead, it consistently frames Plaintiff as an attorney who opposed purported discrimination directed toward others and was subsequently terminated for doing so. That is a retaliation claim, not a personal sex discrimination claim.

For these reasons, Count V should be dismissed to the extent it relies upon underlying PHRA sex discrimination claims.

**B. Plaintiff Failed to Exhaust Her Hostile Work Environment Theory**

The same defect exists with respect to Plaintiff's hostile work environment allegations.

Plaintiff's EEOC Charge culminates in the assertion that the City retaliated against her by terminating her employment after she participated in investigations. The Charge does not allege that Plaintiff herself was subjected to a hostile work environment, severe or pervasive harassment, or discriminatory working conditions based upon sex. By contrast, the Amended Complaint now alleges: a hostile work environment; gender-based stereotyping; differential treatment relating to

caregiving responsibilities; demeaning workplace treatment; and conduct that allegedly altered the terms and conditions of Plaintiff's employment. Plaintiff argues that these claims reasonably could be expected to grow from an administrative investigation. Respectfully, that argument conflates opposition to discrimination suffered by others with allegations that Plaintiff herself was subjected to a hostile work environment. The former appears in the Charge. The latter does not.

As Solicitor Grover points out in his opening brief, both *Barzanty* and *Robinson* reject the proposition that an EEOC charge which raises allegations of discrete acts puts the EEOC or the defendant on notice of a hostile work environment claim. See *Robinson* 2020 U.S. Dist. LEXIS 148625 at *16; *Barzanty*, 361 F. App'x at 414. Similarly, nothing in Plaintiff's Charge would have placed either the EEOC or Solicitor Grover on notice that Plaintiff intended to pursue a hostile work environment claim based on Plaintiff's own work conditions. Accordingly, Plaintiff failed to exhaust her administrative remedies with respect to that theory, and Count V should be dismissed to the extent it is based upon an alleged hostile work environment.

### C. Plaintiff Misreads *Kachmar* and Does Not Resolve the Privilege Concerns Raised by Count V

Plaintiff relies heavily on *Kachmar v. Sungard Data Sys.*, 109 F.3d 173 (3d Cir. 1997), arguing that concerns regarding confidentiality and privilege cannot support dismissal. Plaintiff reads *Kachmar* too broadly.

Solicitor Grover does not argue that attorneys may never bring employment-related claims against former employers. Nor does Solicitor Grover contend that Rule 1.6 automatically bars every discrimination action brought by in-house counsel. Rather, Solicitor Grover argues that the unique allegations supporting Count V seek to impose personal liability upon the City's chief legal officer based upon his legal advice and communications rendered in the course of representing the City.

Unlike *Kachmar*, where privilege concerns were largely prospective, Plaintiff here has already placed at issue: internal employment investigations; disciplinary recommendations; legal directives; communications between attorneys representing the City; discussions among senior City officials concerning personnel matters; and Grover's handling of legal matters on behalf of the City. Indeed, these privileged matters form the backbone of Plaintiff's claims against Solicitor Grover and the City.

The distinction is significant. *Kachmar* involved an attorney challenging her treatment as an employee. Here, Count V seeks to hold Solicitor Grover personally liable because of legal decisions, recommendations, communications, and judgments allegedly made while serving as City Solicitor. Adjudicating those allegations necessarily implicates the substance of legal advice, internal legal assessments, and communications made in the course of representing the City's interests.

Equally important, Plaintiff never explains how Solicitor Grover can meaningfully defend himself against those allegations without disclosing the very

communications and legal judgments that Plaintiff has placed at issue.[1] Instead, Plaintiff merely asserts that privilege disputes can be addressed later through ordinary discovery procedures. That response does not solve the problem identified in Solicitor Grover's motion, and the problem that *Kachmar* recognized as a possibility that could render dismissal inappropriate: the claim is "incapable of complete resolution without breaching the attorney-client privilege." *Kachmar*, 109 F.3d at 180 (citing *Gen. Dynamics Corp. v. Superior Court*, 876 P.2d 487, 504, 7 Cal. 4th 1164, 1191 (Cal. 1994)).

While Solicitor Grover recognizes that dismissal based on privilege concerns is unusual, this case presents the unusual circumstance contemplated by *Kachmar*: allegations directed at legal advice and legal decision-making that are intertwined with privileged and confidential communications belonging to a municipal client. Under these circumstances, dismissal of Count V remains appropriate.

[1]Plaintiff concedes the central issues in this case involve privileged communications and legal advice. Plaintiff notes in her response to Solicitor Grover's motion to dismiss that "Plaintiff did not attach the EEOC Charge to her Complaint or the Amended Complaint to maintain confidentiality that Defendants believe to be 'privileged.'" *See* Plaintiff's Response Brief, Docket No. 20 at p. 4 n.1.

## D. CONCLUSION

For the reasons stated above, and for the reasons stated in Solicitor Grover's opening brief, Count V should be dismissed in its entirety.

Respectfully submitted,

**GOLDBERG SEGALLA, LLP**

Date: August 12, 2026

*/s/ Andrew B. Adair*

**ANDREW B. ADAIR**
Attorney I.D. No.: 70756
1700 Market Street, Suite 3232
Philadelphia, PA 19103-3907
Telephone: 267-519-6800
aadair@goldbergsegalla.com
*Attorneys for Defendant,*
*Neil Grover, Esquire*

**CERTIFICATE OF SERVICE**

I, Andrew B. Adair, Esquire, hereby certify that a true and correct copy of the foregoing Brief in Support of Defendant's Grover's Motion to Dismiss Plaintiff's Complaint was served to all counsel of record on the date below via the District Court's electronic filing system and is available for viewing and downloading.

Benjamin Salvina, Esquire
Shaun C. Cristol, Esquire
Karpf, Karpf & Cerutti, PC
1810 S. Rittenhouse Square
Unit B-2, The Savoy Bldg.
Philadelphia, PA 19103
bsalvina@kaprf-law.com
scristol@karpf-law.com

Sheryl Brown, Esquire
Bellwoar Kelly LLP
126 W. Miner St., #1
West Chester, PA 19382
sbrown@bellwoarkelly.com

**GOLDBERG SEGALLA, LLP**

Date: August 12, 2026 *<u>/s/ Andrew B. Adair</u>*
**ANDREW B. ADAIR**