**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMILY FARREN, Plaintiff, | : | No.: 1:26-cv-01002-JPW |
| v. | : | |
| CITY OF HARRISBURG and NEIL GROVER et al., Defendants. | : | Civil Law - Action<br>**Jury Trial Demanded** |

**DEFENDANT CITY OF HARRISBURG'S**
**REPLY BRIEF IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF 13)**

Defendant, City of Harrisburg (the "City"), by and through its undersigned counsel, Bellwoar Kelly, LLP, files this Reply Brief in further support of its Motion to Dismiss Plaintiff's Amended Complaint (ECF 14, 15), and in opposition to Plaintiff's Response in Opposition (ECF 19) and avers as follows:

A. **Failure to Exhaust Administrative Remedies**

Plaintiff's legal arguments attempting to support the exhaustion of administrative remedies are misguided and misplaced. While it is not disputed that the scope of the original charge should be liberally construed, the Third Circuit has specifically provided:

> "[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the [EEOC]." *Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976)* (citations omitted). A plaintiff's claim must thus fall "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996)*

*Mandel v. M&Q Packaging*, 706 F.3d 157, 163 (3rd Cir. 2013). As such, it is not sufficient that exhaustion is 'plausibly pled', but the focus is whether the scope of the EEOC investigation can "reasonably be expected" to flow from the charge. Here, reviewing the Charge and the *facts* asserted, the Sex Discrimination/Hostile Work Environment claims cannot reasonably be expected to grow from the Charge.

First, Plaintiff relies upon *Polenik v. Yellen*, 2024 U.S. Dist. LEXIS 62562; 2024 WL 1466783 (M.D. Pa 2024) to assert the subject claims are plausibly alleged. However, upon closer inspection, the facts are distinguishable from herein. In *Polenik*, the plaintiff *failed* to attach the EEOC Charge to any pertinent pleading or motion (nor did defendant). As there was ***no charge to compare***, the Court determined that the exhaustion was plausibly alleged based upon the allegations of the amended complaint. Plaintiff herein, in a misguided fashion, follows the *Polenik* playbook by selectively *alleging* exhaustion, rather than showing exhaustion (i.e. failing to attach the Charge to the Amended Complaint). Unlike the parties in

*Polenik*, however, the City herein attached the Charge to its Motion for this Court's review, thus providing this Court with an opportunity to review. (ECF 15-1). (And provided extensive comparisons).

Second, even with a liberal review, the supporting facts as set forth in the "Particulars" of the Charge, fail to support exhaustion. (See, Charge).

Plaintiff claims the *retaliation* against her was "by terminating my employment." Charge, Ex. A, ECF 15-1. Accordingly, she has limited her discrimination basis to the discrete claim of retaliation in the checked box, and the stated particulars. Furthermore, despite Plaintiff's protestations of the City's reliance, *Antol* does apply to this matter where the sex discrimination/hostile work environment is a wholly separate basis of discrimination than retaliation, in both theory and fact. At its core, sex discrimination/hostile work environment allegations do not *reasonably* flow from the retaliation claim; nor does it reasonably flow as based upon the allegations asserted in the Charge.

Nor does the reasoning of *Anjelino* support exhaustion. In reversing a trial court's dismissal based upon a failure to exhaust, the Third Circuit found that certain terms alleged in the charge were interchangeable. (e.g. "abusive atmosphere" and "hostile work environment".) Additionally, additional allegations to the original charge were made, but there was a question whether the EEOC improperly refused to amend. *Anjelino* at 94. Ms. Farren has not alleged, nor do any facts support,

interchangeable terms to support her newly asserted claims or that she sought to amend the original Charge. Indeed, there are no *factual allegations* to support sex discrimination based upon her status (female). She fails to allege any particulars that she suffered intentional discrimination due to her sex (female); or that the disputes on how she handled investigations would affect a person of the same sex in her position. Nor are there any claimed sexually harassing statements[1] or alleged facts that she was afforded less favorable terms than any other male (or female) assistant solicitors involving investigations. Conversely, she alleges she was promoted to Deputy Solicitor in May 2023; and had a positive performance review in August 2023. See, Charge.

Finally, as it relates to the *Waiters* argument – Plaintiff cannot have it both ways. Neither party disputes that the relevant test is whether the alleged facts in the lawsuit are fairly encompassed within the scope of the EEOC Charge "and related investigation." See, *Antol* at 1295, *Waiters* at 237. Plaintiff argues the City cannot anticipate what the EEOC investigation would have been but then argues that the nucleus of operative facts fall squarely in the scope of the investigation (Pl. Bf. at p.

[1] Even assuming statements were alleged (denied), Title VII is not a "generalized" civility code. As such, isolated comments and insensitive remarks or unpleasant utterances may not implicate Title VII. *Jensen v. Potter, 435 F.3d 444, 452 (3d Cir. 2006)*

8 of 18). As noted above, this Court must necessarily assess the EEOC investigation that could *reasonably* grow out of the administrative charge. Here, they do not.

Furthermore, "the EEOC's statutory investigative authority is not plenary; the EEOC is entitled to access only evidence "relevant to the charge under investigation." (citation omitted). *EEOC v. Kronos*, 620 F.3d 287, 296 (3rd Cir. 2010). Nor should a Court construe the original charge and relevance requirements so broadly as to confer "unconstrained investigative authority" upon the EEOC. *Kronos* at 297 citing *EEOC v. Shell Oil Co., 466 U.S. 54, 64-65(1984)*.

The City is not asking this court to focus solely on possible *legal theories*, but it has and continues to advocate for a review of the EEOC's factual allegations (or lack thereof) as it relates to her newly asserted discrimination claim. To state that the City has failed to detail facts is disingenuous at best, considering the painstaking analysis comparing the limited facts asserted in the Charge, compared to the expanded allegations in the Amended Complaint.

By way of further example in reviewing the Charge, Plaintiff claims:

- ***Termination*** based upon her participation in sexual harassment investigations or opposition to Title VII;
- ***Investigating*** a 'harassment' complaint between two male employees in November 2023 (which admittedly did not fall under protected activity);
- ***Investigating*** a complaint by a female officer that she was the subject of sexual harassment by a male officer (assigned to investigate in January 2024); and

- ***Seeking*** additional information as to a pregnant employee's termination and being instructed not to advise the third party union representative.

Charge, Ex. A, ECF 15-1.

These claims/*facts* do not reasonably support that Plaintiff was the ***subject*** of sex discrimination or a hostile work environment. Simply, they are not so encompassing to support the leap that Plaintiff was the ***subject*** of sex discrimination or a hostile work environment. The mere fact she intermittently investigated claims based upon alleged discriminatory conduct fails to support that she was subject to any discriminatory conduct.

For the reasons set forth herein, and in the Brief in Support (ECF 15), as Farren failed to exhaust her administrative remedies related to sexual discrimination/hostile work environment against the City, (Count II) must be dismissed, with prejudice.

B. **<u>Insufficient Basis for Retaliation</u>**

The City continues to assert a lack of causal connection. In fact, *termination* was discussed *during* the meeting with the mayor who allegedly stated was not going to be terminated "yet". See, Charge. There is no causal connection supporting retaliation, despite being terminated some days later.

C. **Attorney-Client Privilege Issues**

Plaintiff denies any infraction of the attorney-client privilege essentially because the City didn't point out specifics in the Amended Complaint. Plaintiff overlooks the facts that the violative communications and supporting private information is embedded in the very allegations that Plaintiff asserts. Indeed, the Charge and Amended Complaint are replete with references of direction or opinions as to how investigations proceeded, were to proceed or related communications.

To state that these allegations (and others) do not implicate attorney client communications and/or to reveal privacy rights of public employees, is specious at best. The City will be constrained to address these claims with supporting evidence and discussion regarding underlying investigations, attorney impressions, work product and opinion, legal directives, personnel matters and records, private employee and complainant information, etc. The City must walk a tight rope between protecting its attorney client communications and opinions and transparency of events in order to defend. These are the very issues and concerns which support dismissal of Plaintiff's claims-- as a resolution is impossible without breaching attorney client privileges. See *Kachmar v. Sungard Data Sys.*, 109 F.3d 173 (3d Cir. 1997).

Alternatively, should the claims proceed, the City will be constrained to defend by utilizing attorney client privileged communications and work product

along with disclosure of private employee information. As such, this Court should likewise impose limited protections to protect against the exposure of protected information, upon motion for the same[2].

**BELLWOAR KELLY, LLP**

Date: August 12, 2026 By: ***/s/ Sheryl L. Brown***

Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Defendant
*City of Harrisburg*
126 W. Miner Street, #1
West Chester, PA 19382
(p) 610-314-7066
sbrown@bellwoarkelly.com

[2] The City reserves the right to file a limited Motion for Protective Order to protecting not only attorney client privileges, but the privacy rights of its employees and complainants who may have been part of any underlying investigation or referenced in the Charge.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EMILY FARREN | : | |
| | : | |
| Plaintiff, | : | No.: 1:26-cv-01002-JPW |
| | : | |
| v. | : | |
| | : | |
| CITY OF HARRISBURG and NEIL GROVER | : | Civil Law - Action |
| | : | |
| et al., | : | **Jury Trial Demanded** |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this day a true and correct copy of Defendant City of Harrisburg's Reply Brief was served via electronic filing addressed as indicated:

Benjamin D. Salvina, Esq.
Karpf, Karpf & Cerutti, P.C.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053

Andrew B. Adair, Esquire
Goldberg Segalla, LLP
1700 Market Street, Suite 3232
Philadelphia, PA 19103-3907

Date: August 12, 2026

By: **BELLWOAR KELLY, LLP**
***/s/ Sheryl L. Brown***
Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Defendant

City of Harrisburg
126 W. Miner Street, #1
West Chester, PA 19382
(p) 610-314-7066